UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAMARA ETHERIDGE,

Plaintiff,

-against-

REFEREE JACOB MAEROFF; JUAN PAEZ (COURT CLERK); JONATHAN NELSON (OPPOSING COUNSEL); ELIEN SIGAL (ATTORNEY FOR THE CHILD); ELIZABETH RIVERA; CITY OF NEW YORK; NEW YORK CITY POLICE DEPARTMENT (NYPD); NEW YORK STATE OFFICE OF FAMILY COURT,

Defendants.

25-CV-8707 (LTS)

SECOND ORDER OF DISMISSAL WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* (“IFP”), filed this action alleging that Defendants violated her rights with respect to a child custody dispute in the New York County Family Court. On November 24, 2025, without direction from the Court, Plaintiff filed an amended complaint. By order dated March 16, 2026, the Court dismissed the amended complaint, but granted Plaintiff leave to replead certain claims in a second amended complaint. Plaintiff filed a second amended complaint on March 27, 2026. For the reasons set forth below, the Court dismisses the second amended complaint, but grants Plaintiff leave to replead her false arrest claims in a third amended complaint.

## BACKGROUND

Plaintiff is the paternal grandmother of P.M., a minor child. In the amended complaint, Plaintiff alleged that the Defendants violated her rights when P.M. was removed from her custody by orders of the New York County Family Court. In the amended complaint, Plaintiff named as Defendants the following parties: (1) the City of New York; (2) the New York City

Administration for Children's Services ("ACS"); ACS caseworkers (3) Lisette Hernandez, (4) Jeremiah Massey, and (5) Taiche Bryant; (6) ACS Supervisor Levar Folk; (7) Elizabeth Rivera, a private individual and maternal grandmother of P.M.; (8) P.M's Family Court-appointed attorney Randee Sigal; (9) Family Court Referee Jacob Maeroff; (10) New York County Family Court in Manhattan; (11) the New York State Unified Court System; (12) the New York City Department of Education ("NYC DOE"); (13) the New York State Education Department ("NYSED"); and (14) New York County Family Court Clerk Juan Paez. Plaintiff sought an injunction ordering the immediate return to her custody of P.M., and ordering the expungement or correction of what she maintained are "false" records used in the Family Court proceedings.

By order dated March 16, 2026, the Court dismissed the amended complaint. (ECF 11.) Specifically, the Court: (1) dismissed Plaintiff's claims against the New York State Unified Court System, the New York County Family Court, and the NYSED as barred by the Eleventh Amendment (*id.* at 6-7); (2) dismissed Plaintiff's claims against ACS for failure to state a claim because an agency of the City of New York cannot be sued in its own name (*id.* at 7); (3) dismissed her claims against the City of New York and the NYC DOE for failure to state a claim because she alleged no facts suggesting that either had a policy, practice, or custom that violated her rights (*id.* at 7-8); (4) dismissed Plaintiff's claims against Family Court Referee Maeroff and Court Clerk Paez as barred by the doctrines of judicial and quasi-judicial immunity (*id.* at 8-10); (5) held that, to the extent Plaintiff's Family Court proceedings were ongoing, the *Younger* abstention doctrine required the Court to refrain from intervening in those proceedings by granting Plaintiff's request for injunctive relief (*id.* at 10-12); (6) held that, to the extent Plaintiff was asking the Court to review and overturn a final custody judgment in her state

Family Court proceedings, the Court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine (*id.* at 12-13); (7) held that the domestic relations abstention doctrine required the Court to abstain from adjudicating Plaintiff's claims regarding the custody of P.M. (*id.* at 13-14); (8) dismissed Plaintiff's Section 1983 claims against Rivera and Sigal because they are private individuals and Plaintiff alleged no facts suggesting that either of them could be considered state actors for purposes of Section 1983 (*id.* at 19-20); and (9) dismissed Plaintiff's claims under the Family Educational Rights and Privacy Act ("FERPA") because that statute does not create a private right of action and it is not enforceable under Section 1983 (*id.* at 20).

With respect to the defendant ACS workers Hernandez, Massey, Bryant, and Folk, the Court: (1) dismissed Plaintiff's substantive due process claims against them because she did not allege any facts suggesting the actions of these defendants could be considered egregious, shocking, or arbitrary (*id.* at 15-17); (2) dismissed her procedural due process claims because the complaint showed that Plaintiff, who was represented by counsel, appeared and participated in multiple child custody proceedings, and she alleged no facts suggesting that she was denied due process during those proceedings (*id.* at 17-18); and (3) dismissed her equal protection claims because she did not allege any facts showing that she had been treated differently than any similarly situated individual (*id.* at 18-19).[1]

The Court granted Plaintiff leave to replead only a limited category of her claims. Specifically, the Court granted Plaintiff leave to replead her Section 1983 claims against the City of New York, the NYC DOE, and ACS employees Hernandez, Massey, Bryant, and Folk. (*Id.* at 21.)

---

[1] The Court also declined to exercise supplemental jurisdiction of any state law claims Plaintiff may have been asserting.

Plaintiff filed a second amended complaint on March 27, 2026. Despite the Court's narrow grant of leave to replead, described above, Plaintiff names the following Defendants in the second amended complaint: (1) Referee Jacob Maeroff; (2) Family Court Clerk Juan Perez; (3) private attorney Jonathan Nelson, who was not named as a defendant in the original complaint; (4) private attorney Elien Sigal; (5) Elizabeth Rivera; (6) the City of New York; (7) the New York City Police Department, which also was not named as a defendant in the original complaint; (8) and the "New York State Office of Family Court." (ECF 12, at 1.) Notably absent from the list of defendants are the four ACS workers against whom the Court granted Plaintiff leave to replead her claims.

The allegations against the previously named defendants are substantially the same as the allegations against them in the amended complaint. To the extent Plaintiff alleges new facts with respect to parties against whom the Court has granted her leave to replead, or with respect to claims Plaintiff is asserting for the first time, the Court will discuss them below.

In the second amended complaint, Plaintiff seeks money damages and declaratory and injunctive relief.

## DISCUSSION

### A. Claims beyond the scope of leave to replead

In its order of dismissal, the Court granted Plaintiff leave to file a second amended complaint to allege facts showing a (1) viable Section 1983 claim against the City of New York and the NYC DOE; and (2) claims under Section 1983 against ACS employees Hernandez, Massey, Bryant, and Folk for violations of her rights to substantive and procedural due process and equal protection. (*See* ECF 11, at 21.)

Despite this directive, Plaintiff attempts to reassert her claims against Maeroff, Sigal, Rivera, and the New York State Family Court.[2] District courts are permitted to dismiss claims in an amended complaint that are not within the scope of the permitted amendment. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted."); *Grimes v. Fremont Gen. Corp.*, 933 F. Supp. 2d 584, 597 (S.D.N.Y. 2013) (collecting cases). In any event, Plaintiff has alleged no facts that would cure the deficiencies with respect to her claims against these defendants identified in the Court's order of dismissal. The Court dismisses Plaintiff's claims against Maeroff, Sigal, Rivera, and the New York State Family Court for the same reasons it dismissed those claims in its March 16, 2026 order of dismissal and as beyond the scope of the permitted amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii); Fed. R. Civ. P. 12(h)(3).

Plaintiffs also names Nelson as a new defendant in her second amended complaint, and seeks to assert claims against him under Section 1983. In addition to being beyond the scope of the permitted amendment, the Court also dismisses Plaintiff's claims against Nelson, who is a private attorney, for the same reasons it previously dismissed Plaintiff's claims against Sigal, who is also a private attorney. (*See* ECF 11, at 19-20.) Private actors, including privately retained or court-appointed attorneys, are generally not liable under Section 1983. *See Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[I]t is well-established that court-appointed

[2] Plaintiff now lists this defendant as the "New York State Office of Family Court." Despite this renaming, and because that entity does not exist, the Court understands Plaintiff to be referring to the New York State Unified Court System, of which the New York State Family Courts are a part.

attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of law' and therefore are not subject to suit under 42 U.S.C. § 1983."). The Court therefore dismisses Plaintiff's claims against Nelson for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Claims against the NYPD and City of New York**

Plaintiff names the NYPD as a defendant in the second amended complaint. Because the NYPD, which is an agency of the City of New York, is not a suable entity, *see* N.Y. City Charter ch. 17, § 396, the Court will construe Plaintiff's claims against the NYPD as being asserted against the City of New York.[3] In the second amended complaint, Plaintiff alleges that "on multiple occasions," NYPD officers came to her residence "based on reports connected to the [Family Court custody] dispute." (ECF 12, at 12.) "On one occasion," officers "directed Plaintiff to report to a precinct regarding an alleged violation of an order of protection." (*Id.*) During another incident, the officers "attempted to detain Plaintiff" based on a "stated reason." (*Id.*) Plaintiff "experienced [the NYPD's] actions as harassment." (*Id.*)

The Court understands Plaintiff to be attempting to assert claims of false arrest against the City of New York. To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). Here, Plaintiff alleges that NYPD officers (1) came to her residence in response to complaints in

[3] Because the Court had granted Plaintiff leave to replead Section 1983 claims against the City of New York, and the NYPD is an agency of the City of New York, the Court does not consider Plaintiff's claims against the NYPD as being beyond the scope of the permitted amendment.

connection with her child custody dispute; (2) directed her to report to a precinct because she allegedly violated an order of protection; and (3) "attempted to detain" her based on what appears to be another complaint filed against her.

Plaintiff fails to state a false arrest claim because, among other reasons, she does not allege that any NYPD officer confined her. "A false imprisonment claim requires a prima facie showing of actual confinement or threatening conduct." *Copantitla v. Fiskardo Estiatorio*, *Inc.*, 788 F. Supp. 2d 253, 294 (S.D.N.Y. 2011) (quoting *Lee v. Bankers Tr. Co.*, 1998 WL 107119, at *4 (S.D.N.Y. Mar. 11, 1998), *aff'd*, 166 F.3d 540 (2d Cir. 1999)); *see also Blumenfeld v. Harris,* 3 A.D.2d 219, 219 (1st Dep't 1957) ("Threats to invoke peacefully the processes of the law, standing alone and unaccompanied by force or any other form of restraint, cannot result in such a detention as would constitute false imprisonment[.]"). "[A] fear of being arrested also does not suffice to support a false imprisonment claim." *Copantitla*, 788 F. Supp. 2d at 294 (citing cases). While Plaintiff asserts that, on one occasion, the officers "attempted" to detain her, she alleges no specific facts about how such an attempt was made that suggest she was actually confined or threatened with confinement.

Even if an NYPD officer did confine or intend to confine Plaintiff, her allegations suggest that the officer's actions were in response to complaints filed against her, which are generally sufficient to show that the officer had probable cause for an arrest. *See, e.g.*, *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) ("[W]e have found probable cause where a police officer was presented with different stories from an alleged victim and the arrestee."); *Oliveira v. Mayer*, 23 F.3d 642, 647 (2d Cir. 1994) ("Information about criminal activity provided by a single complainant can establish probable cause when that information is sufficiently reliable and corroborated."); *Miloslavsky v. AES Eng'g Soc'y, Inc.*, 808 F. Supp. 351, 355 (S.D.N.Y. 1992)

("The veracity of citizen complaints" made by citizens "who are the victims of the very crime they report to the police is assumed."), *aff'd*, 993 F.2d 1534 (2d Cir. 1993), *cert. denied*, 510 U.S. 817 (1993).

Furthermore, when a plaintiff sues a municipality, such as the City of New York, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted). If there is no underlying constitutional violation, however, the Court need not examine whether the municipality or other local governmental entity is liable under Section 1983. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006).

Here, Plaintiff does not state a Section 1983 claim against the City of New York because, as discussed above, she does not identify an underlying constitutional violation. Moreover, even if Plaintiff did allege sufficient facts to show a constitutional violation, she does not allege any facts suggesting that the violation was caused by a policy, practice, or custom of the City of New York. For these reasons, the Court dismisses Plaintiff's Section 1983 false arrest claims against

the City of New York for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

As discussed below, the Court grants Plaintiff limited leave to replead her false arrest claims in a third amended complaint.

**C. State law claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D. Limited leave to amend is granted**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Although Plaintiff has already been granted leave to replead, she has not had an opportunity to replead her false arrest claims, which she asserted for the first time in the second amended complaint.

In light of Plaintiff's *pro se* status, and because the Court has not previously granted her leave to amend with respect to false arrest claims, the Court grants her leave to replead her false arrest claims in a third amended complaint. Plaintiff may replead false arrest claims against the City of New York and any individual NYPD officers who were personally involved in the allegedly false arrest. If Plaintiff attempts to name new defendants not implicated in her false arrest claims, reasserts previously dismissed claims, or attempts to assert new claims beyond this limited grant of leave, the Court will summarily dismiss those claims.

If Plaintiff does not file a third amended complaint within the time prescribed, the Court will direct the Clerk of Court to enter judgment dismissing this action.

**CONCLUSION**

The Court dismisses the second amended complaint for the reasons set forth above. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii); Fed. R. Civ. P. 12(h)(3).

The Court grants Plaintiff leave to replead her false arrest claims under Section 1983 as set forth above.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 20, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge